IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38871-9-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NEAL ALAN MILLIKAN, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, A.C.J. — The State appeals after the trial court dismissed

Neal Alan Millikan's 2016 bail jumping conviction on the basis that the predicate charge

of unlawful possession of a controlled substance was unconstitutional. We reverse and

direct the trial court to reinstate Mr. Millikan's 2016 bail jumping conviction.

FACTS

In December 2015, law enforcement arrested Neal Alan Millikan on outstanding

warrants and found methamphetamine on him.

The State charged Mr. Millikan with unlawful possession of a controlled

substance. Because he later failed to appear for a pretrial hearing, the State filed an

amended information that added a charge of bail jumping. In July 2016, Mr. Millikan

pleaded guilty to both charges and was sentenced.

After our Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d

521 (2021), declaring RCW 69.50.4013 unconstitutional and void, Mr. Millikan filed a

CrR 7.8 motion to vacate his 2016 unlawful possession conviction. The trial court

entered an agreed order vacating Mr. Millikan's 2016 unlawful possession conviction but

left intact his 2016 bail jumping conviction.

In April 2022, Mr. Millikan filed a motion to dismiss his 2016 bail jumping

conviction. He argued the conviction should be dismissed because there was no

underlying crime in light of the dismissal of his unlawful possession conviction. The trial

court agreed and dismissed Mr. Millikan's 2016 bail jumping conviction with prejudice.

The State timely appealed.

## ANALYSIS

The State contends the trial court erred when it dismissed Mr. Millikan's bail

jumping conviction. We agree and reverse.

During the pendency of the State's appeal, we decided *State v. Paniagua*, 22 Wn.

App. 2d 350, 511 P.3d 113, *review denied*, 200 Wn.2d 1018, 520 P.3d 970 (2022). There,

we considered whether a bail jumping conviction is void if the statute supporting the

underlying charge is later declared unconstitutional. *Id.* at 352. We concluded that a *valid* underlying charge is not a necessary predicate for a bail jumping conviction. *Id.* at 356. In support of our conclusion, we cited the universal rule that "the unconstitutionality of a statute under which the defendant was convicted or charged does not justify escape from imprisonment." *Id.* at 358.

Here, the trial court's order dismissing Mr. Millikan's 2016 bail jumping conviction conflicts with *Paniagua.* We reverse the trial court and direct it to reinstate the conviction.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

3